UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YUTAKA KURODA,

        Petitioner,

                                 CASE NO. 2:07-CV-12310
v.                                 HONORABLE AVERN COHN

THOMAS BELL,

        Respondent.

_____/

## OPINION AND ORDER SUMMARILY DISMISSING
## PETITION FOR WRIT OF HABEAS CORPUS

I.

This is a habeas case under 28 U.S.C. § 2254. Petitioner Yutaka Kuroda, a state prisoner, alleges that he is being held in violation of his constitutional rights. For the reasons set forth below, the petition will be summarily dismissed for failure to state a claim upon which habeas relief can be granted.

II.

Petitioner was convicted of three counts of first-degree criminal sexual conduct following a jury trial in the Oakland County Circuit Court in 2003. Petitioner's convictions stem from his sexual molestation of his 12-year-old adopted daughter, his wife's biological daughter from a prior marriage, in 2002. The evidence at trial included the victim's testimony as well as Petitioner's own statements to police. The trial court sentenced Petitioner to concurrent terms of 12 to 20 years imprisonment on those convictions.

Following sentencing, Petitioner filed an appeal as of right raising several claims of error, including the claim contained in the instant petition. The Michigan Court of Appeals affirmed Petitioner's convictions and sentence. People v. Kuroda, No. 251019, 2005 WL 415274 (Mich. Ct. App. Feb. 22, 2005). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was initially held in abeyance. See People v. Kurodo, 705 N.W.2d 113 (Oct. 27, 2005). The Michigan Supreme Court subsequently reversed the judgment of the Court of Appeals in part (on a sentencing issue) and remanded the case to the trial court for re-sentencing. People v. Kuroda, 475 Mich. 864, 714 N.W.2d 295 (May 30, 2006). The trial court imposed the same sentence of concurrent terms of 12 to 20 years imprisonment upon re-sentencing on June 28, 2006. See Offender Tracking Information System ("OTIS"), Offender Profile.

Petitioner, through counsel, filed the present petition on May 29, 2007 asserting that he is entitled to habeas relief because the trial court failed to instruct the jury on the cognate lesser offense of second-degree criminal sexual conduct.

III.

A.

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law, or it may be summarily dismissed. See Perez v. Hemingway, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). A federal court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. See McFarland v. Scott, 512 U.S. 849, 856 (1994); Carson v. Burke, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. No response to a habeas petition is necessary when the petition is frivolous, obviously

lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. See Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970); see also Robinson v. Jackson, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

B.

Petitioner's sole claim upon habeas review is that the trial court failed to instruct the jury on the cognate lesser offense of second-degree criminal sexual conduct. The United States Supreme Court has declined to decide whether due process requires the giving of jury instructions on lesser-included offenses in non-capital cases. See Beck v. Alabama, 447 U.S. 625, 638 n.14 (1980).[1] In Hopper v. Evans, 456 U.S. 605, 611 (1982), the Supreme Court ruled that a capital defendant is entitled to a lesser included offense instruction only when there is evidence to support it. More recently, the Supreme Court held that state courts are not constitutionally required to instruct juries in capital cases on crimes which are not lesser included offenses of the charged crime. See Hopkins v. Reeves, 524 U.S. 88, 90-91 (1998).

The Court of Appeals for the Sixth Circuit has interpreted Beck to mean that "the Constitution does not require a lesser-included offense instruction in non-capital cases." Campbell v. Coyle, 260 F.3d 531, 541 (6th Cir. 2001) (citing Bagby v. Sowders, 894 F.2d 792, 795-97 (6th Cir 1990) (en banc)); see also Scott v. Elo, 302 F.3d 598, 606 (6th Cir. 2002); Adams v. Smith, 280 F. Supp. 2d 704, 717 (E.D. Mich. 2003). Even in capital cases, there is no constitutional right to a jury instruction if the requested charge does

---

[1] The Supreme Court's holding in *Beck* was that the death penalty may not be imposed for a capital offense if the jury was not permitted to consider a verdict on a lesser included non-capital offense which would have been supported by the evidence.

3

not satisfy the legal definition of a lesser included offense. See Hopkins, supra. Cognate offenses (such as second-degree criminal sexual conduct in this case) do not meet the definition of lesser included offenses.

Accordingly, Petitioner's claim regarding the trial court's refusal to instruct the jury on second-degree criminal sexual conduct is not cognizable on federal habeas review. The petition is DISMISSED.

SO ORDERED.

                                          s/Avern Cohn
                                          AVERN COHN
                                          UNITED STATES DISTRICT JUDGE

Dated: June 7, 2007

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, June 7, 2007, by electronic and/or ordinary mail.

                                          s/Julie Owens
                                          Case Manager, (313) 234-5160