UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YUTAKA KURODA,

        Petitioner,

v.                                     CASE NO. 2:07-CV-12310
                                     HONORABLE AVERN COHN

THOMAS BELL,

        Respondent.
                                     /

## ORDER DENYING MOTION FOR A CERTIFICATE OF APPEALABILITY

I.

This is a habeas case under 28 U.S.C. § 2254. Petitioner Yutaka Kuroda, a state prisoner convicted of three counts of first-degree criminal sexual conduct, alleged that he is being held in violation of his constitutional rights. Petitioner specifically claimed that the trial court erred in failing to instruct the jury on the cognate lesser included offense of second-degree criminal sexual conduct. The Court summarily dismissed the petition or failure to state a claim upon which habeas relief can be granted. Before the Court is Petitioner's motion for a certificate of appealability.

II.

Before Petitioner can appeal the Court's decision, a certificate of appealability (COA) must issue. See 28 U.S.C. § 2253(c)(1) and Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 120

S. Ct. 1595 (2000), the United States Supreme Court held that where a petition is rejected on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 120 S. Ct. at 1604. The Supreme Court also explained that where the petition is dismissed on procedural grounds, petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different matter or that the issues presented were 'adequate to deserve encouragement to proceed further.'" 120 S. Ct. at 1603-04 (quoting Barefoot v. Estelle, 463 U.S. 880, 898 n.4 (1983)). The Supreme Court has explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). "A prisoner seeking a COA must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'" A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id. at 1040.

In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a COA. See Murphy v. State of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam). Moreover, where as here, a Petitioner files a notice of appeal, the Court must issue a order granting or denying a COA. Castro v. United States, 310 F.3d 900 (6th Cir. 2002) (per curiam).

III.

Here, the petition was dismissed because Petitioner failed to present a claim upon which habeas relief may be granted. Reasonable jurists would not debate this conclusion. Accordingly, a COA is DENIED.

SO ORDERED.

    s/Avern Cohn
    AVERN COHN
    UNITED STATES DISTRICT JUDGE

Dated: July 23, 2007

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Yutaka Kuroda, 467293, Carson City Correctional Facility, P.O. Box 5000 Carson City, MI 48811 on this date, July 23, 2007, by electronic and/or ordinary mail.

    s/Julie Owens
    Case Manager, (313) 234-5160